Meredith Cavallaro
Lisia Leon
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, 9th Floor
New York, New York 10020
(212) 785-9100
Attorneys for Defendant
Jazz at Lincoln Center, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                    :
AMANIE RILEY, on behalf of herself and                              
all others similarly situated                                       :

                                        Plaintiffs,                 :
                                                                         No. 16 CV 03277 (AT)
                    -against-                                        :

JAZZ AT LINCOLN CENTER, INC,                                        :

                                        Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT JAZZ AT LINCOLN CENTER, INC.

Defendant Jazz at Lincoln Center, Inc. ("JALC"), by its undersigned

attorneys, answers the Class Action Complaint (the "Complaint") of Plaintiff Amanie

Riley ("Plaintiff"), as follows:

### INTRODUCTION

1.     Denies the allegations contained in paragraph 1 of the Complaint.

2.     JALC denies having knowledge or information sufficient to admit

or deny plaintiff's status as a blind individual and denies the remaining allegations

contained in paragraph 2 of the Complaint.

3.      Denies the allegations contained in paragraph 3 of the Complaint.

4.      States that paragraph 4 of the Complaint does not contain an allegation against JALC and therefore does not require a response.

5.      States that paragraph 5 of the Complaint does not contain an allegation against JALC and therefore does not require a response.

6.      Avers that paragraph 6 of the Complaint contains argument and JALC is not required to answer argument; and otherwise denies the allegations insofar as paragraph 6 of the Complaint states an allegation against JALC.

7.      Denies the allegations contained in paragraph 7 of the Complaint.

8.      Denies the allegations contained in paragraph 8 of the Complaint.

9.      Avers that paragraph 9 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies the allegations contained in paragraph 9 of the Complaint insofar as paragraph 9 of the Complaint states an allegation against JALC.

10.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint with respect to Plaintiff, and otherwise denies the allegations contained in paragraph 10 of the Complaint.

11.     Denies the allegations contained in paragraph 11 of the Complaint.

2

## JURISDICTION AND VENUE

12.     Avers that paragraph 12 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies the allegations contained in paragraph 12 of the Complaint.

13.     Avers that paragraph 13 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies the allegations contained in paragraph 13 of the Complaint.

14.     Avers that paragraph 14 of the Complaint contains legal conclusions as to which no response is required, and otherwise denies the allegations contained in paragraph 14 of the Complaint.

15.     Denies the allegations contained in paragraph 15, except admits that JALC is located at 3 Columbus Circle, New York, New York 10019.

## PARTIES

16.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the Complaint.

17.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 17 of the Complaint with respect to Plaintiff, and otherwise denies the allegations contained in paragraph 17.

18.     Admits the allegations contained in paragraph 18 of the Complaint.

19.     Denies the allegations contained in paragraph 19 of the Complaint, except admits that JALC owns and operates the performance venue Frederick P. Rose

3

Hall located at 10 West 60th Street in New York City and admits that JALC owns and operates a website with the domain name www.jazz.org.

20.    Denies the allegations contained in paragraph 20 of the Complaint.

## CLASS ACTION ALLEGATIONS

21.    Denies the allegations contained in paragraph 21 of the Complaint.

22.    Denies the allegations contained in paragraph 22 of the Complaint.

23.    Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 23 of the Complaint with respect to the number of visually impaired persons in the State of New York and the United States of America, and otherwise denies the allegations contained in paragraph 23 of the Complaint.

24.    Denies the allegations contained in paragraph 24 of the Complaint.

25.    Denies the allegations contained in paragraph 25 of the Complaint.

26.    Denies the allegations contained in paragraph 26 of the Complaint.

27.    Denies the allegations contained in paragraph 27 of the Complaint.

28.    Denies the allegations contained in paragraph 28 of the Complaint.

29.    Denies the allegations contained in paragraph 29 of the Complaint.

30.    Denies the allegations contained in paragraph 30 of the Complaint.

## FACTUAL ALLEGATIONS

31.      Denies the allegations contained in paragraph 31 of the Complaint, except admits that JALC owns and operates the performance venue Frederick P. Rose Hall located at 10 West 60th Street in New York City.

32.      Denies the allegations contained in paragraph 32 of the Complaint, except admits that JALC owns and operates a website with the domain name www.jazz.org.

33.      Denies the allegations contained in paragraph 33 of the Complaint, except admits that www.jazz.org is a website owned and operated by JALC which is one of several platforms through which visitors can, among other things, obtain information concerning JALC performances and purchase tickets to JALC performances.

34.      Denies the allegations contained in paragraph 34 of the Complaint, except admits that www.jazz.org is a website owned and operated by JALC which is one of several platforms through which visitors can, among other things, obtain information concerning JALC performances and purchase tickets to JALC performances.

35.      Denies the allegations contained in paragraph 35 of the Complaint.

36.      Denies the allegations contained in paragraph 36 of the Complaint.

37.      States that paragraph 37 of the Complaint does not contain an allegation against JALC and therefore does not require a response.

5

38.     States that paragraph 38 of the Complaint does not contain an allegation against JALC and therefore does not require a response.

39.     States that paragraph 39 of the Complaint does not contain an allegation against JALC and refers to the statute and guidelines cited for the true and complete contents thereof.

40.     Denies the allegations contained in paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     Denies the allegations contained in paragraph 43 of the Complaint.

44.     Denies the allegations contained in paragraph 44 of the Complaint.

45.     Denies the allegations contained in paragraph 45 of the Complaint.

46.     Denies the allegations contained in paragraph 46 of the Complaint.

47.     Denies the allegations contained in paragraph 47 of the Complaint.

48.     Denies the allegations contained in paragraph 48 of the Complaint.

49.     Denies the allegations contained in paragraph 49 of the Complaint; except denies having knowledge or information concerning Plaintiff's visits and/or purchases on Jazz.org.

50.     Denies the allegations contained in paragraph 50 of the Complaint.

51.     Denies the allegations contained in paragraph 51 of the Complaint.

52.     Denies the allegations contained in paragraph 52 of the Complaint.

53.     Denies the allegations contained in paragraph 53 of the Complaint.

6

54.     Denies the allegations contained in paragraph 54 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Violation of 42 U.S.C. §§ 12181 *et seq.* –**
**Title III of the Americans with Disabilities Act)**
**(on behalf of Plaintiff and the Class)**

55.     Answering paragraph 55 of the Complaint, repeat and reallege the foregoing responses to paragraphs 1 through 54 as if fully set forth herein.

56.     Answering paragraph 56 of the Complaint, avers that it purports to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 56 of the Complaint.

57.     Denies the allegations contained in paragraph 57 of the Complaint, and avers that JALC owns and operates the performance venue Frederick P. Rose Hall located at 10 West 60th Street in New York City and admits that JALC owns and operates a website with the domain name www.jazz.org.

58.     Denies the allegations contained in paragraph 58 of the Complaint.

59.     Answering paragraph 59 of the Complaint, avers that it purports to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 59 of the Complaint.

60.     Answering paragraph 60 of the Complaint, avers that it purports to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 60 of

7

the Complaint.

61.     Answering paragraph 61 of the Complaint, avers that it purports to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 61 of the Complaint.

62.     Answering paragraph 62 of the Complaint, avers that it purports to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies the allegations contained in paragraph 65 of the Complaint.

66.     Denies the allegations contained in paragraph 66 of the Complaint.

67.     Denies the allegations contained in paragraph 67 of the Complaint.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

70.     Denies the allegations contained in paragraph 70 of the Complaint.

## SECOND CAUSE OF ACTION
### (Violation of New York Human Rights Law,
### N.Y. Exec. Law, Article 15 (Executive Law § 292 *et seq.*))
### (on behalf of Plaintiff and New York subclass)

71.     Answering paragraph 71 of the Complaint, repeat and reallege the foregoing responses to paragraphs 1 through 70 as if fully set forth herein.

72.     Answering paragraph 72 of the Complaint, avers that it purports to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 72 of the Complaint.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint, and avers that JALC owns and operates the performance venue Frederick P. Rose Hall located at 10 West 60th Street in New York City and admits that JALC owns and operates a website with the domain name www.jazz.org.

75.     Denies the allegations contained in paragraph 75 of the Complaint; and avers that paragraph 75 of the Complaint contains legal conclusions as to which no response is required.

76.     Answering paragraph 76 of the Complaint, avers that it purports to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 76 of the Complaint.

77.     Answering paragraph 77 of the Complaint, avers that it purports

to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 77 of the Complaint.

78.     Denies the allegations contained in paragraph 78 of the Complaint.

79.     Denies the allegations contained in paragraph 79 of the Complaint.

80.     Denies the allegations contained in paragraph 80 of the Complaint.

81.     Denies the allegations contained in paragraph 81 of the Complaint.

82.     Denies the allegations contained in paragraph 82 of the Complaint.

83.     Denies the allegations contained in paragraph 83 of the Complaint.

84.     Denies the allegations contained in paragraph 84 of the Complaint.

85.     Denies the allegations contained in paragraph 85 of the Complaint.

### THIRD CAUSE OF ACTION
**(Violation of New York Civil Rights Law,
NY CLS Civ R, Article 4 (CLS Civ R § 40 et seq.))
(on behalf of Plaintiff and New York subclass)**

86.     Denies having knowledge or information sufficient to admit or deny the allegations contained in paragraph 86 of the Complaint.

87.     Answering paragraph 87 of the Complaint, repeat and reallege the foregoing responses to paragraphs 1 through 86 as if fully set forth herein.

88.     Answering paragraph 88 of the Complaint, avers that it purports to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 88 of the Complaint.

89.     Answering paragraph 89 of the Complaint, avers that it purports to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 89 of the Complaint.

90.     Denies the allegations contained in paragraph 90 of the Complaint, and avers that JALC owns and operates the performance venue Frederick P. Rose Hall located at 10 West 60th Street in New York City and admits that JALC owns and operates a website with the domain name www.jazz.org.

91.     Denies the allegations contained in paragraph 91 of the Complaint, and avers that JALC owns and operates the performance venue Frederick P. Rose Hall located at 10 West 60th Street in New York City and admits that JALC owns and operates a website with the domain name www.jazz.org.

92.     Denies the allegations contained in paragraph 92 of the Complaint.

93.     Denies the allegations contained in paragraph 93 of the Complaint.

94.     Answering paragraph 94 of the Complaint, avers that it purports to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 94 of the Complaint.

95.     Answering paragraph 95 of the Complaint, avers that it purports to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 95 of

the Complaint.

96.     Denies the allegations contained in paragraph 96 of the Complaint.

97.     Denies the allegations contained in paragraph 97 of the Complaint.

98.     Denies the allegations contained in paragraph 98 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(Violation of New York City Human Rights Law,**
**N.Y.C. Administrative Code §8-102, *et seq.*)**
**(on behalf of Plaintiff and New York subclass)**

99.     Answering paragraph 99 of the Complaint, repeat and reallege the foregoing responses to paragraphs 1 through 98 as if fully set forth herein.

100.    Answering paragraph 100 of the Complaint, avers that it purports to quote statutory language and refers to the statute cited for the true and complete contents thereof, and otherwise denies the allegations contained in paragraph 100 of the Complaint.

101.    Denies the allegations contained in paragraph 101 of the Complaint, and avers that JALC owns and operates the performance venue Frederick P. Rose Hall located at 10 West 60th Street in New York City and admits that JALC owns and operates a website with the domain name www.jazz.org.

102.    Denies the allegations contained in paragraph 102 of the Complaint, and avers that JALC owns and operates the performance venue Frederick P. Rose Hall located at 10 West 60th Street in New York City and admits that JALC owns and operates a website with the domain name www.jazz.org.

103.    Denies the allegations contained in paragraph 103 of the

12

Complaint.

104.    Denies the allegations contained in paragraph 104 of the Complaint.

105.    Denies the allegations contained in paragraph 105 of the Complaint.

106.    Denies the allegations contained in paragraph 106 of the Complaint.

107.    Denies the allegations contained in paragraph 107 of the Complaint.

108.    Denies the allegations contained in paragraph 108 of the Complaint.

109.    Denies the allegations contained in paragraph 109 of the Complaint.

110.    Denies the allegations contained in paragraph 110 of the Complaint.

### FIFTH CAUSE OF ACTION
#### (Declaratory Relief)
#### (on behalf of Plaintiff and the Class)

111.    Answering paragraph 111 of the Complaint, repeat and reallege the foregoing responses to paragraphs 1 through 110 as if fully set forth herein

112.    Denies the allegations contained in paragraph 112 of the Complaint.

13

113.    Denies the allegations contained in paragraph 113 of the Complaint.

## PRAYER FOR RELIEF

114.    Denies the allegations contained in paragraph 114 of the Complaint and denies that Plaintiff is entitled to any relief, including as alleged in paragraph 114 of the Complaint.

115.    Denies the allegations contained in paragraph 115 of the Complaint and denies that Plaintiff is entitled to any relief, including as alleged in paragraph 115 of the Complaint.

116.    Denies the allegations contained in paragraph 116 of the Complaint and denies that Plaintiff is entitled to any relief, including as alleged in paragraph 116 of the Complaint.

117.    Denies the allegations contained in paragraph 117 of the Complaint and denies that Plaintiff is entitled to any relief, including as alleged in paragraph 117 of the Complaint.

118.    Denies the allegations contained in paragraph 118 of the Complaint and denies that Plaintiff is entitled to any relief, including as alleged in paragraph 118 of the Complaint.

119.    Denies the allegations contained in paragraph 119 of the Complaint and denies that Plaintiff is entitled to any relief, including as alleged in paragraph 119 of the Complaint.

120.    Denies the allegations contained in paragraph 120 of the Complaint and denies that Plaintiff is entitled to any relief, including as alleged in paragraph 120 of the Complaint.

121.    Denies the allegations contained in paragraph 121 of the Complaint and denies that Plaintiff is entitled to any relief, including as alleged in paragraph 121 of the Complaint.

## AFFIRMATIVE DEFENSES

122.    The Complaint fails to state a claim upon which relief can be granted.

123.    The Complaint is barred, in whole or in part, because jazz.org is not a place of public accommodation.

124.    The Complaint is barred, in whole or in part, because the website was and is accessible and usable despite its alleged non-compliance.

125.    The Complaint is barred, in whole or in part, because Plaintiff lacks standing to pursue her alleged claims because she is not a bona fide patron, she never attempted to access JALC's website, and/or she does not intend to access JALC's website in the future. Here, Plaintiff does not even allege the date, time, performances and/or other services or products she was attempting to access or the problems she allegedly encountered when she attempted to access JALC's website.

126.    The Complaint is barred, in whole or in part, because the JALC provides access to persons with a disability including blind consumers and fully

complies with all applicable laws and guidelines.

127.    The Complaint is barred, in whole or in part, because JALC provides various platforms for the provision of information concerning its performances and the purchase of tickets for its performances, including but not limited to operating a box office and a telephone call center and selling tickets through third-party.

128.    The Complaint is barred, in whole or in part, because JALC provides various platforms for the purchase of its subscriptions and memberships and for making contributions, including but not limited to operating a telephone call center, providing direct mail forms, or in-person during JALC performances at its venue Frederick P. Rose Hall located at 10 West 60th Street in New York City.

129.    The Complaint is barred, in whole or in part, because JALC provides various platforms for the purchase its merchandise, including but not limited to selling on-site and during performances.

130.    The Complaint is barred, in whole or in part, because JALC has used best efforts to create and maintain a website that is accessible.

131.    The Complaint is barred, in whole or in part, because the claimed violations are "de minimus," and non-actionable because they do not materially impair Plaintiff's use of JALC services for its intended purpose.

132.    The Complaint is barred, in whole or in part, because assuming arguendo that Plaintiff has been subjected to barriers, the removal of such barriers is not readily achievable, technically feasible and/or would fundamentally alter the nature

16

of JALC's public accommodation.

133.   The Complaint is barred, in whole or in part, because Plaintiff's requested modifications would impose an undue burden on JALC.

134.   The Complaint is barred, in whole or in part, because certain of the conditions complained of on the website in the Complaint are neither owned nor controlled by JALC.

135.   The Complaint is barred, in whole or in part, because JALC outsources transactional activity on its website to third-party vendors.

136.   The Complaint is barred, in whole or in part, because any requested modifications and compliance thereto would not be readily achievable.

137.   The Complaint is barred, in whole or in part, because the modifications being sought by Plaintiff are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

138.   The Complaint is barred as to JALC, in whole or in part, because there are no access barriers.

139.   The Complaint is barred, in whole or in part, because even if there are access barriers that exist, there are alternative and readily accessible accommodations to allow the Plaintiff access to JALC services.

140.   The Complaint is barred, in whole or in part, because Defendant

17

was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods but Plaintiff never asked for or sought any assistance.

141.   The Complaint is barred, in whole or in part, because Plaintiff fails to allege sufficient facts in the Complaint to establish injury-in-fact against JALC including because Plaintiff fails to show she had a genuine intention to access and/or return to the website which JALC operates, but for the existence of the alleged access barriers and other alleged ADA violation on the website.

142.   The Complaint is barred, in whole or in part, because JALC has made good faith efforts to comply with the ADA, New York State Executive Law, New York State Civil Rights Law, New York City Administrative Code, and Common Law, including providing appropriate alternative access.

143.   The Complaint is barred, in whole or in part, because the alleged injury of Plaintiff was the result of acts and/or omissions of one or more third parties over whom JALC had no control.

144.   The Complaint is barred, in whole or in part, because Plaintiff has refused to avail herself of accommodations made for her and instead has demanded extraordinary actions which are not required, necessary or practicable under the circumstances.

145.   Plaintiff may not maintain this lawsuit as a class action because she cannot establish the requirements of Federal Rule of Civil Procedure 23 or equivalent law, including but not limited to, typicality, superiority, predominance,

manageability, ascertainability, and commonality.

146.    The purported class (and subclass) is not defined in an ascertainable manner or with a community of interest, or even with facts suggesting standing to bring suit against JALC.

147.    The putative class members' claims are barred by the same defenses that bar the named Plaintiff's claims.

148.    The Complaint is barred, in whole or in part, because each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status

149.    Plaintiff is precluded from any recovery because the damages she, or the proposed class, seek are necessarily speculative and not recoverable under the law.

150.    The Complaint is barred, in whole or in part, because Plaintiff has failed to mitigate any damages she may have suffered.

151.    The Complaint is barred, in whole or in part, because people or entities other than JALC caused or contributed to the damages Plaintiff, or the proposed class, claims to have suffered.

152.    The Complaint is barred, in whole or in part, due to the statute of limitations.

153.    The Complaint is barred, in whole or in part, to the extent Plaintiff

19

is guilty of bad faith and/or unclean hands.

154.    The Complaint is barred, in whole or in part, because Plaintiff has sustained no injury arising from the conduct alleged.

155.    The Complaint is barred, in whole or in part, because Plaintiff has not demonstrated that she will suffer irreparable harm or injury from the conduct alleged.

156.    The Complaint is barred, in whole or in part, based on the doctrine of waiver.

157.    The Complaint is barred, in whole or in part, based on the doctrine of estoppel.

158.     The Complaint is barred, in whole or in part, based on the doctrine of laches.

159.    Plaintiff is not entitled to punitive damages under N.Y.C. Admin. Code §§ 8-101 et seq., because JALC at no time acted with malice or reckless indifference; JALC in good faith complied with all applicable laws.

160.    JALC reserves the right to assert additional affirmative defenses as Plaintiff's claims are clarified during the course of litigation.

WHEREFORE, JALC respectfully demands judgment denying the relief sought by Plaintiff in the Complaint, reimbursement for the costs and disbursements of this action, including its attorneys' fees, and for such other and further relief as this Court deems just and equitable.

20

Dated:   New York, New York
         June 30, 2016

PADUANO & WEINTRAUB LLP

By: _Meredith Cavallaro_

        Meredith Cavallaro
        Lisia Leon
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100
(212) 785-9099
mcavallaro@pwlawyers.com
lll@pwlawyers.com

Attorneys for Defendant
Jazz at Lincoln Center, Inc.

21